.(July 2, 1962)

■ FREIDA ABRAHAMSON et al., Appellants, v. ELIZABETH E. SULLIVAN et al., Respondents. (Action No. 1.) ELIZABETH E. SULLIVAN et al., Plaintiffs, v. SAMUEL MORTON, JR., et al., Defendants. (Action No. 2.) LEON J. SULLIVAN, Plaintiff, v. SAMUEL MORTON, SR., et al., Defendants. (Action No. 3.) — In a consolidated negligence action (comprising three separate actions) arising out of an automobile collision, the plaintiffs in Action No. 1 appeal from an order of the Supreme Court, Westchester County, dated October 24, 1961, which denied their motion to discontinue their action against defendant Samuel Morton, Jr., to remove the consolidated action from the Military Suspense Calendar, to place such action on the Ready Day Calendar for trial peremptorily against all the other defendants, and for other relief. Order reversed, without costs; motion granted; Action No. 1 discontinued as against defendant Samuel Morton, Jr., and the consolidated action directed to be removed from the Military Suspense Calendar and placed on the Trial Term Ready Day Calendar of the Supreme Court, Westchester County, for the September 1962 Term, upon the conditions however: (1) that, within 30 days after entry of the order hereon, the plaintiffs in Actions Nos. 2 and 3 shall file and serve a stipulation consenting that their respective actions be discontinued against the defendant Samuel Morton, Jr.; and (2) that within the same period of time the plaintiffs in Action No. 1, in accordance with their offer, shall serve and file an instrument releasing the defendant Samuel Morton, Jr., from all liability to them by reason of injuries and damages sustained in this accident. Upon default in compliance with the first stated condition, the order is reversed, without costs; the motion is granted; Action No. 1 is discontinued against defendant Samuel Morton, Jr.; Action No. 2 and Action No. 3 are severed from Action No. 1 and from the consolidated action; and Action No. 1 is directed to be placed on the Trial Term Ready Day Calendar of the Supreme Court, Westchester County, for the September 1962 Term, upon the condition, however, that the plaintiffs in said action shall have served and filed the said instrument of release. In the event that such instrument of release be not served and filed, the order is affirmed, without costs. In our opinion, in view of the offer by the plaintiffs in Action No. 1 (the action in which the most serious injuries appear to be involved) to discontinue such action against Samuel Morton, Jr., the defendant in military service; in view of the unusually long period of time that this action has been awaiting trial; and in view of the fact that such absent defendant in military service has been examined before trial, it was an improvident exercise of discretion to reject such offer, to refuse to proceed with the trial and to relegate the action to the Military Suspense Calendar. Kleinfeld, Acting P. J., Christ, Brennan and Hill, JJ., concur.